# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

PATRIOT SERVICES GROUP LOUISIANA, INC., a Louisiana corporation,

Plaintiff,

v.

LUXOR CONTRACTING GROUP, INC. a Florida corporation,

Defendant.

Docket No.: _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, PATRIOT SERVICES GROUP LOUISIANA, INC. ("Plaintiff" or "PSG"), by and through its attorneys, for its Complaint against Defendant, LUXOR CONTRACTING GROUP, INC. ("Defendant" or "Luxor"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between Plaintiff, a citizen of Louisiana, and Defendant a citizen of Florida, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the sole defendant maintains its principal place of business in Port Charlotte, Charlotte County, Florida.

3. Plaintiff is a corporation incorporated under the laws of Louisiana that maintains its principal place of business in New Orleans, Louisiana.

4. Upon information and belief, Defendant is a corporation incorporated under the laws of Florida that maintains its principal place of business in Port Charlotte, Florida.

5. Plaintiff is the owner of an apartment complex located at 10501 Curran Road, New Orleans, LA 70127 (the "Property"), which Plaintiff operates on a non-profit basis for the benefit of poor and distressed individuals.

6. Defendant is a roofing contractor which Plaintiff engaged to install new roofing systems, along with other related services, on twenty apartment buildings at the Property (the "Project").

## ALLEGATIONS COMMON TO ALL COUNTS

7. On or about October 28, 2020, the Property was damaged by a hurricane which resulted in an immediate need to replace the Property's roofing systems.

8. During preliminary discussion between Plaintiff and Defendant, Defendant represented that it was qualified to, and capable of, performing the Project and assisting Plaintiff with an insurance claim relating to the hurricane damage.

9. In reasonable reliance on Defendant's representations, Plaintiff chose to engage Defendant to perform the Project and assist with Plaintiff's insurance claim.

10. Plaintiff and Defendant entered into a contract in connection with the Project (the "Contract") and on or about March 3, 2021, Plaintiff paid Defendant $374,049.04 as an advanced payment to secure Defendant's services for the Project (the "Advanced Payment").

11. In addition to the initial Advanced Payment, Plaintiff paid Defendant $220,423.13 for services Defendant claimed to have performed on the Project (together with the Advanced Payment, the "Payment").

12. Yet, as of September 2021, Defendant had only begun work on one building at the Property, representing just a fraction of the Project.

13. In relation to both the Project and Plaintiff's insurance claim, Defendant barely performed and the services it did perform were untimely and defective.

14. Defendant's repeated and inexcusable delays caused irreparable harm to Plaintiff, including, without limitation:

    a. Allowing the damaged roofing systems to remain exposed to the elements, without replacement, during a rainy summer season;

    b. Disruption to Plaintiff's insurance claim for the Property, leading to the insurance carrier claiming that PSG failed to mitigate its damages at the Property;

    c. Interference and disruption between PSG and its lenders for the Property.

15. As a result of Defendant's untimely and defective performance, Plaintiff terminated Defendant and hired a replacement contractor.

16. After terminating Defendant, Plaintiff repeatedly demanded Defendant account for the funds Defendant spent on the Project so Plaintiff could determine whether Defendant was entitled to retain any portion of the Payment.

17. To date, Defendant has refused to deliver an accounting to Plaintiff and has otherwise failed to return any portion of the Payment.

18. Plaintiff has incurred, and will continue to incur, substantial expense completing the work that Defendant failed to perform or improperly performed.

19. Most recently, water intrusion occurred in the building re-roofed by Defendant resulting from Defendant's incomplete and defective performance.

20. This water intrusion has led to additional damages to the Property's interior areas.

21. Additionally, Defendant's conduct has prejudiced Plaintiff's pursuit of its insurance claim and Plaintiff's dealings with its lenders for the Property.

## COUNT 1: Breach of Contract

22. Plaintiff realleges and reincorporates Paragraphs 1 through 21, above, by this reference as though fully set forth herein.

23. This is an action for breach of contract against Defendant for damages that exceed $75,000.00.

24. Plaintiff and Defendant entered into the Contract on February 19, 2021, whereunder, Defendant agreed to timely and competently perform the work on the Project. A copy of the Contract and its amendment are attached as **Composite Exhibit "A."**

25. Defendant breached the express terms of the Contract by failing to timely and competently perform as required.

26. Defendant further breached the Contract by refusing to account for, or return, the Payment to Plaintiff after Defendant failed in its duties, was terminated, and ceased work on the Project.

27. As a result of Defendant's material breaches of the Contract, Plaintiff has been damaged in excess of $75,000.

WHEREFORE, Plaintiff, PATRIOT SERVICES GROUP LOUISIANA, INC., demands judgment against Defendant, LUXOR CONTRACTING GROUP, INC, for damages, interest, court costs, and for such other and further relief as this Court deems appropriate.

## COUNT 2: Unjust Enrichment

28. Plaintiff realleges and reincorporates Paragraphs 1 through 21 above, by this reference as though fully set forth herein.

29. This is an action, in the alternative to Count I above, for unjust enrichment against Defendant for damages that exceed $75,000.00.

30. Plaintiff conferred a benefit to, and enriched, Defendant by virtue of providing Defendant with the Payment.

31. Defendant had knowledge of, accepted, used, enjoyed, and retained the benefit conferred by Plaintiff.

32. Plaintiff did not intend for Defendant to keep the Payment without performing the Project, and Defendant understood that fact.

33. Under these circumstances, Defendant implicitly promised to return the Payment to Plaintiff if Defendant did not perform the Project.

34. Defendant has been unjustly enriched by retaining the Payment despite Defendant having failed to perform the Project.

35. Although Plaintiff has made demand, Defendant has failed and refused to return the Payment to Plaintiff.

36. There is no justification or cause for Defendant to retain the Payment despite Defendant's failure to perform the Project, and it would be inequitable for Defendant to be permitted to permanently retain the Payment.

37. Plaintiff is without an adequate remedy at law.

WHEREFORE, Plaintiff, PATRIOT SERVICES GROUP LOUISIANA, INC., demands judgment against Defendant, LUXOR CONTRACTING GROUP, INC., for damages, interest, court costs, and for such other and further relief as this Court deems appropriate.

## COUNT 3: Simple Negligence

38. Plaintiff realleges and reincorporates Paragraphs 1 through 37 above, by this reference as though fully set forth herein.

39. Defendant represented that it was capable of, and would, investigate, appraise, evaluate, report, and adjust Plaintiff's insurance claim on Plaintiff's behalf.

40. In connection with, but independent of its obligations under the Contract, Defendant purported to investigate, appraise, evaluate, report, and adjust Plaintiff's insurance claim.

41. Upon information and belief, Defendant is not licensed under Louisiana law to investigate, appraise, evaluate, report, or adjust a claim on behalf of an insured in the capacity either as an attorney or as a licensed Public Adjuster.[1]

42. Nonetheless, Defendant undertook to act as a Public Adjuster and/or attorney, and in so doing, owed Plaintiff a duty of care in performing these duties.

43. Defendant breached its duty of care by, among other errors and omissions, failing to properly or timely investigate, appraise, evaluate, report, and adjust Plaintiff's insurance claim.

44. As a direct and proximate of Defendant's negligence, Plaintiff has suffered damages, including, without limitation, prejudice to Plaintiff's ability to receive benefits under its insurance policy.

WHEREFORE, Plaintiff, PATRIOT SERVICES GROUP LOUISIANA, INC., demands judgment against Defendant, LUXOR CONTRACTING GROUP, INC., for damages, interest, court costs, and for such other and further relief as this Court deems appropriate.

**COUNT 4: Negligence *Per Se***

---

[1] See generally, John E. McAuliffe, Jr., Steven G. "Buzz" Durio, *Public Adjusting Licensed and Limited in Louisiana*, 55 La. B.J. 14 (2007)

45. Plaintiff realleges and reincorporates Paragraphs 1 through 44, above, by this reference as though fully set forth herein.

46. Defendant engaged in the services of an attorney and/or Public Adjuster by purportedly investigating, appraising, evaluating, reporting, and adjusting Plaintiff's insurance claim.

47. Upon information and belief, Defendant was not licensed to perform the services of an attorney or Public Adjuster.

48. Thus, Defendant violated the statutes and/or regulations of the state of Louisiana by investigating, appraising, evaluating, reporting, and adjusting Plaintiff's insurance claim.[2]

49. Plaintiff, as an insured, was within the specific group of persons the laws that Defendant violated were designed to protect.

50. Defendant's actions caused the kind of injury to Plaintiff that the laws were designed to protect against, including, but not limited to, prejudice to Plaintiff's insured benefits resulting from Defendant's incompetent representation.

WHEREFORE, Plaintiff, PATRIOT SERVICES GROUP LOUISIANA, INC., demands judgment against Defendant, LUXOR CONTRACTING GROUP, INC.,

---

[2] La. Stat. Ann. § 22:1693 ("Only persons licensed under this Part shall directly or indirectly solicit business, investigate or adjust losses for another person engaged in the business of adjusting losses or damages covered by an insurance policy, for the insured"); La. Stat. Ann. § 37:212 ("The practice of law means and includes . . . the doing of any act, in behalf of another, tending to . . . the enforcement or establishment of a right").

8

for damages, interest, court costs, and for such other and further relief as this Court deems appropriate.

## COUNT 5: Fraudulent Inducement

51. Plaintiff realleges and reincorporates Paragraphs 1 through 50, above, by this reference as though fully set forth herein.

52. Before the Contract was entered into, on or about November 2, 2020, Defendant's Senior Project Manager, Tyler Cobb, made multiple statements representing that Defendant was capable of, and competent to, fully investigate, appraise, evaluate, report, and adjust Plaintiff's insurance claim (the "Representation").

53. Defendant's Representation concerned a material fact as to the parties' prospective dealings with each other.

54. At the time of making the Representation, Defendant knew that it was not licensed to perform the services of an attorney or Public Adjuster and, thus, knew the Representation was false.

55. Defendant intended for Plaintiff to rely on the Representation.

56. Plaintiff justifiably relied on the Representation, resulting in Plaintiff's decision to enter the Contract with Defendant and decision to allow Defendant to investigate, appraise, evaluate, report, and adjust Plaintiff's insurance claim.

57. As a direct and proximate result of the Representation, Plaintiff has suffered damages, including, without limitation, prejudice to Plaintiff's benefits under Plaintiff's insurance policy.

WHEREFORE, Plaintiff, PATRIOT SERVICES GROUP LOUISIANA, INC., demands judgment against Defendant, LUXOR CONTRACTING GROUP, INC., for damages, interest, court costs, and for such other and further relief as this Court deems appropriate.

Dated: January 7, 2022

                Respectfully submitted,

                **LIPPES MATHIAS LLP**

By: _____
Adam B. Edgecombe
Florida Bar No. 73487
10151 Deerwood Park Boulevard
Building 300, Suite 300
Jacksonville, FL 32256
(904) 660-0020   Telephone
(904) 660-0029   Facsimile
aedgecombe@lippes.com
jgarmon@lippes.com
*Counsel for Plaintiff*